ON REHEARING

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-2012

COASTAL COAL-WEST VIRGINIA, LLC,

Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; RICHARD L. MILLER,

Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(13-0213 BLA)

Submitted:  September 29, 2015      Decided:  October 5, 2015

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition for rehearing granted; petition for review granted;
vacated and remanded by unpublished per curiam opinion.

Jeffrey R. Soukup, JACKSON KELLY PLLC, Lexington, Kentucky, for
Petitioner.  Otis R. Mann, Jr., Charleston, West Virginia; Sean
Gregory Bajkowski, UNITED STATES DEPARTMENT OF LABOR,
Washington, D.C.; Helen Hart Cox, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Coastal Coal-West Virginia, LLC ("Employer") petitions for rehearing of our May 12, 2015 decision dismissing as untimely its petition for review of the Benefits Review Board's ("the Board") decision and order affirming the Administrative Law Judge's ("ALJ") award of benefits to Richard L. Miller under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945 (2012). We grant the petition for rehearing,* grant the petition for review, vacate the ALJ's award of benefits, and remand for reconsideration of the evidence.

We review de novo the Board's and the ALJ's legal conclusions and conduct an "independent review of the record to determine whether the ALJ's findings of fact were supported by substantial evidence." Island Creek Coal Co. v. Compton, 211 F.3d 203, 207-08 (4th Cir. 2000) (internal quotation marks omitted). "'Substantial evidence is more than a mere scintilla'; it is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

---

*  We conclude (contrary to our earlier opinion) that Employer filed a timely motion for reconsideration of the Board's order affirming the ALJ's award of benefits. See 20 C.F.R. §§ 802.221(b), 802.407 (2014). Accordingly, Employer's petition for review in this court was timely. See 33 U.S.C. § 921(c) (2012).

2

"As long as substantial evidence supports an ALJ's findings, we must sustain the ALJ's decision, even if we disagree with it." Westmoreland Coal Co. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013) (internal quotation marks and brackets omitted). Subject to the substantial evidence requirement, we defer to the ALJ's credibility determinations and "evaluation of the proper weight to accord conflicting medical opinions." Harman Mining Co. v. Dir., Office of Workers' Comp. Programs, 678 F.3d 305, 310 (4th Cir. 2012) (internal quotation marks omitted). On review, this court is not permitted to reweigh the medical evidence. Milburn Colliery Co. v. Hicks, 138 F.3d 524, 536 (4th Cir. 1998).

To establish entitlement to benefits under the Act, a miner must prove: "(1) he has pneumoconiosis; (2) the pneumoconiosis arose out of his coal mine employment; (3) he has a totally disabling respiratory or pulmonary condition; and (4) pneumoconiosis is a contributing cause to his total respiratory disability." Id. at 529. An irrebuttable presumption of total disability due to pneumoconiosis attaches

> If such miner is suffering . . . from a chronic dust disease of the lung which:
>
> (a) When diagnosed by chest X-ray . . . yields one or more large opacities (greater than one centimeter in diameter) and would be classified in Category A, B, or C in accordance with the classification system established in Guidelines for the Use of the ILO International Classification of Radiographs of Pneumoconiosis as provided in § 718.102(d); or

3

(b) When diagnosed by biopsy or autopsy, yields massive lesions in the lung; or

(c) When diagnosed by means other than those specified in paragraphs (a) and (b) of this section, would be a condition which could reasonably be expected to yield the results described in paragraph (a) or (b) of this section had diagnosis been made as therein described .

. . .

20 C.F.R. § 718.304(a)-(c) (2014); see 30 U.S.C. § 921(c)(3). Ultimately, although the presumption is irrebuttable once attached, the miner bears the burden of proving the existence of complicated pneumoconiosis. Lester v. Dir., Office of Workers' Comp. Programs, 993 F.2d 1143, 1146 (4th Cir. 1993).

In the petition for review, Employer contends that the ALJ erred by failing to consider the comments of Drs. Abrahams, Alexander, and Gaziano on their x-ray interpretations in determining that Miller proved by x-ray evidence that he suffers from complicated pneumoconiosis under 20 C.F.R. §§ 718.202(a)(1), 718.304(a). We agree that the ALJ erred by failing to consider the physicians' comments, as those comments have direct bearing on whether the mass appearing on the x-ray is in fact the manifestation of a chronic dust disease or is the result of some other disease process. See 30 U.S.C. § 921(c)(3); 20 C.F.R. § 718.304. Because the ALJ relied primarily on the x-ray interpretations of Drs. Abrahams, Alexander, and Gaziano in finding that Miller suffers from complicated pneumoconiosis without considering the credibility

4

of the readings in light of the comments, we conclude that substantial evidence does not support the award of benefits.

Accordingly, we grant Employer's petition for review, vacate the ALJ's award of benefits, and remand for reconsideration of the x-ray evidence of complicated pneumoconiosis. If the ALJ again finds that the x-ray evidence establishes the existence of complicated pneumoconiosis, he should then weigh all of the evidence to determine whether Employer provided affirmative evidence showing that the opacity does not exist or was caused by another disease process. See Westmoreland Coal Co. v. Cox, 602 F.3d 276, 283-84 (4th Cir. 2010); E. Assoc. Coal Corp. v. Dir., Office of Workers' Comp. Programs, 220 F.3d 250, 256 (4th Cir. 2000).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION FOR REHEARING GRANTED;
PETITION FOR REVIEW GRANTED;
VACATED AND REMANDED